# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NANCY A. FRITSCH,**

    Plaintiff,

vs.                                          No. CIV 01-0713 LCS/KBM-ACE

**FIRST SAVINGS BANK, PERFORMANCE**
**BANKERS, INC. and BRIAN YARRINGTON,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendant Brian Yarrington Motion to Dismiss Count VI Against Brian Yarrington for Lack of Subject Matter Jurisdiction, or in the Alternative, for Summary Judgment on Count VI for Lack of Subject Matter Jurisdiction Over Yarrington (Doc.151), filed May 13, 2002. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered the briefs, submissions, relevant law, and being otherwise fully advised, finds that Defendant Yarrington's Motion to Dismiss is well-taken and should be **GRANTED.**

**I.    Background.**

On April 26, 2001, Plaintiff filed a complaint in the Third Judicial District Court, County of Doña Ana, State of New Mexico, claiming age and sex discrimination in the terms, conditions and privileges of employment under the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C.§ 621 *et seq.,* Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the New Mexico Human Rights Act, N.M.S.A. § 28-1-1 *et seq.* against Defendant FSB (Count I); and supplemental state law claims for civil conspiracy against Defendants Yarrington and

PBI (Count II); negligent retention and supervision against Defendants FSB and PBI (Count III); breach of implied employment contract against Defendant FSB (Count IV); intentional interference with contractual relations against Defendant Yarrington (Count V); and appeal from the decision of the New Mexico Human Rights Commission against Defendants FSB and Yarrington (Count VI).

On June 22, 2001, Defendant removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446. On August 17, 2001, Defendant PBI filed a Motion to Dismiss for Lack of Personal Jurisdiction and to Dismiss Count III for failure to state a claim, and on August 23, 2001, Defendant Yarrington filed Motions to Dismiss Counts II and V for failure to state a claim. On October 24, 2001, I issued a Memorandum Opinion and Order denying these Motions.

On March 14, 2002, Defendant First Savings Bank filed a Motion for Summary Judgment, arguing that it is entitled to summary judgment on the ADEA and Title VII claims because Plaintiff failed to state a prima facie case in that she cannot demonstrate that she was satisfactorily preforming her job and failed to demonstrate pretext, that it is entitled to summary judgment on the breach of implied contract claim, that Yarrington and PBI are entitled to summary judgment on the civil conspiracy claim; that FSB and PBI are entitled to summary judgment on the negligent supervision and retention claim; that FSB is entitled to summary judgment on the appeal from the New Mexico Human Rights Commission; and that all claims against PBI should be dismissed for lack of personal jurisdiction. (Doc. 102.)

On March 12, 2001, Defendant Yarrington filed a Motion for Summary Judgment on Count II of Plaintiff's Complaint, arguing that he is entitled to summary judgment on the civil conspiracy claim, (Doc. No. 95), and a Motion for Summary Judgment on Count V of Plaintiff's Complaint, arguing that he is entitled to summary judgment on the intentional interference with contractual

relations claim. (Doc. 98).

On May 2, 2002, I issued a Memorandum Opinion and Order denying First Savings Bank summary judgment with respect to Count I, granting First Savings Bank summary judgment with respect to Count II, III and IV, and granting Defendant Yarrington summary judgment on Counts II and V. Thus, the only claims remaining are Count I against First Savings Bank and Count VI against First Savings Bank and Yarrington.

**II.     Standard.**

In ruling on a motion to dismiss, the court must accept all the well-pleaded factual allegations of the complaint as true and view them in the light most favorable to the non-moving party. *See Sutton v. Utah State Sch. for the Deaf and Blind*, 173 F. 3d 1226, 1236 (10th Cir.1999). In accepting the complaint's allegations as true, the court must consider whether the complaint, standing alone, is legally sufficient to state a claim upon which relief may be granted. *See Ordinance 59 Ass'n v. United States Dep't of Interior Secretary*, 163 F. 3d 1150, 1152 (10th Cir.1998). Where a party challenges the facts upon which subject matter jurisdiction depends pursuant to Rule 12(b)(1), "'a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. Nat. Institute of Standards & Technology*, 282 F. 3d 1320, 1324 (10th Cir. 2002) (*quoting Holt v. United States*, 46 F. 3d 1000, 1003 (10th Cir.1995)). Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed.R.Civ.P. 56. *Sizova,* 282 F. 3d at 1324; *see, e.g. Jones v. Runyon*, 91 F. 3d 1398, 1400 (10th Cir. 1996) (holding that the court should examine both Plaintiff's administrative charge and district court complaint in

assessing subject matter jurisdiction).

**III. Discussion.**

Count I consists of discrimination claims under Title VII and the ADEA against First Savings Bank. Count VI consists of an appeal of the denial of Plaintiff's NMHRA claim against First Savings Bank and Yarrington. At the Pretrial Conference of May 3, 2002, I *sua sponte* raised the issue of whether Plaintiff had exhausted administrative remedies with respect to the NMHRA claims.

Defendant Yarrington cites to federal law regarding the exhaustion of administrative remedies with respect to Title VII and the ADEA. Defendant Yarrington has missed the point. Plaintiff did not name Defendant Yarrington in her Title VII and ADEA discrimination claim. Indeed, it is well-settled that Title VII and the ADEA do not permit personal capacity suits against individual supervisors. *Haynes v. Williams*, 88 F. 3d 898, 901 (10th Cir. 1996); *Sauers v. Salt Lake County*, 1 F. 3d 1122, 1125 (10th Cir. 1993). Thus, the Title VII and ADEA claims are not at issue with respect to Defendant Yarrington.

The only remaining claim against Defendant Yarrington is the NMHRA claim. New Mexico substantive law applies to this supplemental state law claims. *BankOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F. 3d 1089, 1103 (10th Cir. 1999). A plaintiff may not sue an individual defendant under the NMHRA unless she has exhausted administrative remedies against that individual. *Luboyeski v. Hill*, 117 N.M. 380, 382, 972 P.2d 353, 355 (1994). In this case, Plaintiff failed to name Defendant Yarrington in her administrative charge of discrimination. (Def. Ex. A.) Therefore, Plaintiff's NMHRA claim should be dismissed as to Defendant Yarrington.

**IV. Conclusion.**

Upon review of the record and Plaintiff's charge of discrimination, the Court has determined

that Plaintiff's NMHRA claim against Defendant Yarrington as alleged in Count VI should be **DISMISSED.**

**WHEREFORE,**

**IT IS ORDERED** that Defendant Yarrington's Motion to Dismiss Count VI Against Brian Yarrington for Lack of Subject Matter Jurisdiction (Doc.151), filed May 13, 2002, is **GRANTED.**

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**