# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

**NANCY A. FRITSCH,**

    Plaintiff,

vs.                                          **No. CIV 01-0713 LCS/KBM-ACE**

**FIRST SAVINGS BANK, PERFORMANCE
BANKERS, INC. and BRIAN YARRINGTON,**

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Plaintiff's Motion to Reconsider the Court's Order Dismissing Plaintiff's NMHRA Claims Against Defendant Yarrington (Doc. 162), filed May 30, 2002. The United States Magistrate Judge, acting upon consent and designation pursuant 28 U.S.C. § 636(c), and having considered Plaintiff's brief, the record herein, relevant law, and being otherwise fully advised, finds that this Motion is not well-taken and should be **DENIED.**

**I.**     **Standard.**

The Federal Rules of Civil Procedure do not recognize a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991). After entry of judgment, the district court must construe such a filing in one of two ways. If the motion is filed within ten days of the entry of judgment, the motion is treated as a motion to alter or amend the judgment under FED.R.CIV.P. 59(e). *See id.* Alternatively, if the motion is filed more than ten days after the entry of judgment, it is considered a motion seeking relief from the judgment under FED.R.CIV.P. 60(b). *See id.*

Plaintiff's Motion was filed on May 30, 2002. The Memorandum Opinion and Order

dismissing the NMHRA claim as to Yarrington was filed on May 29, 2002. Because Plaintiff filed her Motion within ten days of the entry of the judgment, Rule 59 applies. Under Rule 59, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. *See* 11 Wright, Miller & Kane, Civil 2d § 2810.1, 124 (2000). A Rule 59 motion may be granted only to correct manifest errors of law or fact upon which the judgment is based, to present newly discovered or previously unavailable evidence, to prevent manifest injustice, or to reflect an intervening change in controlling law. *See id.* Rule 59 may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to judgment. *See Steele v. Young*, 11 F. 3d 1518, 1520 n. 1 (10th Cir. 1993). In light of their narrow purpose, Rule 59 motions are seldom granted. *See* 11 Wright, Miller & Kane Civil 2d § 2810.1 at 128. The decision of whether to grant or deny a Rule 59 motion is committed to the sound discretion of the trial court. *See Phelps v. Hamilton*, 122 F. 3d 1309, 1324 (10th Cir. 1997).

**II.    Analysis.**

Plaintiff argues that the Court failed to consider Plaintiff's position with respect to Defendant Yarrington's Motion to Dismiss, and asserts that her response was due by May 30, 2002. At the pretrial conference of May 3, 2002, I *sua sponte* raised the issue of whether administrative remedies had been exhausted with respect to Plaintiff's New Mexico Human Rights Act (NMHRA) claim against Yarrington. The June 17, 2002 trial date as well as the deadlines for pretrial submissions were fast approaching. Exhaustion is jurisdictional. For these reasons, I directed that counsel brief the issue of exhaustion of the NMHRA claims as to Yarrington by May 13, 2002. (Doc. 149.) I further notified counsel that issue would be resolved at a status conference set for May 29, 2002. (Doc. 150.) Subsequently, counsel's informal request to reset the status conference for June 3, 2002 was

granted. On May 29, 2002, I issued my Memorandum Opinion and Order granting Yarrington's Motion to Dismiss. (Doc. 159.)

Counsel was directed to brief the issue of exhaustion of administrative remedies by May 13, 2002. Plaintiff was on notice that I intended to resolve the issue on May 29, 2002. Despite my instructions, counsel for Plaintiff failed to brief the issue as directed, and failed to respond to Defendant's Motion to Dismiss, or request an extension of time, by May 29, 2002. Instead, Plaintiff filed a Motion for Reconsideration after I issued the Memorandum Opinion and Order. Although Plaintiff was remiss in failing to timely brief the exhaustion issue, I will consider her arguments context of her Motion to Reconsider.

Plaintiff argues that the Court should have converted the Motion to Dismiss to a motion for summary judgment because matters outside the pleadings were attached and considered by the Court. As I observed in my Memorandum Opinion of May 29, 2002, where a party challenges the facts upon which subject matter jurisdiction depends pursuant to Rule 12(b)(1), "'a district court may not presume the truthfulness of the complaint's factual allegations. A court has wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1).'" *Sizova v. Nat. Institute of Standards & Technology*, 282 F. 3d 1320, 1324 (10th Cir. 2002) (*quoting Holt v. United States*, 46 F. 3d 1000, 1003 (10th Cir.1995)). Reliance on evidence outside the pleadings in addressing such a motion does not, as a general rule, convert the motion to one for summary judgment under Fed.R.Civ.P. 56. *Sizova,* 282 F. 3d at 1324; *see, e.g. Jones v. Runyon*, 91 F. 3d 1398, 1400 (10th Cir. 1996) (holding that the court should examine both Plaintiff's administrative charge and district court complaint in assessing subject matter jurisdiction). Therefore, I properly declined to convert the Motion to Dismiss to a motion for summary judgment.

3

Plaintiff concedes that Yarrington was not named as the employer in the charge of discrimination, but argues that she nonetheless exhausted administrative remedies against him because she referred to him in affidavits and he had notice of her claim of discrimination against First Savings Bank (FSB). As I stated in my May 29, 2002 Memorandum Opinion and Order, New Mexico substantive law applies to this supplemental state law claim. *BankOklahoma Mortgage Corp. v. Capital Title Co.,* 194 F. 3d 1089, 1103 (10th Cir. 1999). New Mexico law is well-settled that a plaintiff may not sue an individual defendant under the NMHRA unless she has exhausted administrative remedies against that individual. *Sonntag v. Shaw*, 130 N.M. 238, 243, 22 P.2d 1188, 1193 (2001); *Mitchell-Carr v. McLendon*, 127 N.M. 282, 286, 980 P.2d 65, 69 (1999); *Luboyeski v. Hill*, 117 N.M. 380, 382, 972 P.2d 353, 355 (1994); *Tafoya v. Bobroff*, 865 F. Supp. 742, 748 (D. N.M. 1994). Where a plaintiff names only a corporation as a defendant, and fails to name an individual personally as a defendant, the plaintiff fails to exhaust administrative remedies as to that individual, even where that individual exercised control over the defendant corporation. *Sonntag*, 130 N.M. at 242-43; 22 P.2d at 1192-93. Clearly, under New Mexico law, Plaintiff failed to exhaust administrative remedies as to the NMHRA claim against Yarrington.

Plaintiff correctly contends that New Mexico courts look to federal courts' interpretation of Title VII for guidance in analyzing the substance of claims under the NMHRA.[1] *See Garcia-Montoya v. State Treasurer's Office*, 130 N.M. 25, 40, 16 P.3d 1084, 1099 (2001). However, Plaintiff reads the federal law too broadly. In support of her position, Plaintiff cites to *Ortiz v. Wingard*, 173 F.

---

[1] New Mexico courts have also recognized fundamental differences between Title VII and the NMHRA. For instance, in *Sonntag*, the New Mexico Supreme Court observed that while no individual liability exists under Title VII, the NMHRA contains distinct language that does not foreclose the possibility of individual liability under the NMHRA. *Sonntag*, 130 N.M. at 243, 22 P.2d at 1193.

4

Supp. 2d 1155 (D. N.M. 2001), and relies on *Romero v. Union Pac. R.R.*, 615 F. 2d 1303, 1311 (10th Cir. 1980). In *Ortiz*, I applied *Romero* to the question of whether the City of Las Cruces and the Housing Authority of the City of Las Cruces were the same entity for the purposes of exhaustion of administrative remedies. I wrote that:

> Generally, "only parties previously identified as respondents in charges filed with the EEOC are subject to subsequent liability under Title VII." *Terrell v. United States Pipe & Foundry Co.*, 644 F.2d 1112, 1122 (5th Cir.1981), *vacated on other grounds*, 456 U.S. 955 (1982). However, Courts have recognized a narrow exception to this general rule where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation. *See Romero v. Union Pac. R.R.*, 615 F. 2d 1303, 1311 (10th Cir. 1980) (*citing Glus v. G. C. Murphy Co.*, 562 F. 2d 880 (3d Cir. 1977)). Under such circumstances, omission of a party's name from the EEOC charge does not automatically mandate dismissal of a subsequent action under Title VII. *Romero*, 615 F. 2d. at 1311.

*Ortiz*, 173 F. Supp. 2d at 1160.

In *Ortiz*, the City of Las Cruces and the Housing Authority of the City of Las Cruces were closely related government entities that may have had a sufficient identity of interest between them to the extent that an E.E.O.C. investigation would reasonably have included the unnamed entity. *Ortiz*, 173 F. Supp. 2d at 1160-61. Similarly, in *Romero*, the question was whether the plaintiff had exhausted administrative remedies against a union by naming only the employer in the administrative charge. *Romero,* 615 F. 2d at 1311. In this case, however, Yarrington was an employee of FSB, and was not a related entity. Plaintiff has failed to cite to any authority applying *Romero* in a similar situation. Accordingly, the *Romero* exception may not even apply to Plaintiff's case.

Even if *Romero* were applicable, Plaintiff fails to satisfy its prerequisites. Four factors are

pertinent under *Romero* to an evaluation of the failure to name a party in the administrative charge: whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the administrative charge; 2) whether, under the circumstances, the interests of a named party are so similar as the unnamed party's that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; 3) whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; 4) whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party. *Romero*, 615 F. 2d. at 1312.

Plaintiff could have ascertained any role that the Yarrington played in the alleged discrimination at the time she filed her administrative charge. Similarly, the interests of Yarrington and FSB are not so similar that for the purpose of obtaining voluntary conciliation and compliance it would be unnecessary to include the Yarrington as a respondent in the administrative proceedings. Yarrington may have been prejudiced, while he had notice that Plaintiff had filed a charge of discrimination, he had no notice during the administrative proceedings that he was a co-defendant. Thus, Yarrington may have missed an opportunity to individually conciliate with Plaintiff. Finally, Plaintiff has submitted nothing indicating that Yarrington in some way represented to Plaintiff that her relationship with him was to be through FSB. Hence, even if the *Romero* exception applies, Plaintiff does not fall under it. Thus, the general rule requiring identification of Yarrington as a respondent would stand in this case. *Sonntag*, 130 N.M. at 242-43; 22 P.2d at 1192-93; *Mitchell-Carr*, 127 N.M. at 286, 980 P.2d at 69; *Luboyeski*, 117 N.M. at 382, 972 P.2d at 355; *Terrell*, 644 F.2d at 1122. Plaintiff failed exhaust administrative remedies with respect to Yarrington because she

failed to identify him as a respondent in her charge of discrimination. Accordingly, Plaintiff's NMHRA claim should be dismissed as to Yarrington for failure to exhaust administrative remedies.

Plaintiff disagrees with the analysis contained in the May 29, 2002 Memorandum Opinion and Order. However, mere disagreement with a court's analysis does not constitute manifest error within the meaning of Rule 59. *See Phelps*, 122 F. 3d 1309 at 1324. Plaintiff's attempt to re-litigate issues that have already been addressed due to her disagreement with my decision, is not an appropriate basis for relief under Rule 59. Plaintiff's Motion to Reconsider, herein construed as a Rule 59 motion, should be denied.

**WHEREFORE,**

**IT IS ORDERED** that Plaintiff's Motion to Reconsider (Doc. 162), filed May 29, 2002, is **DENIED**.

_____
**LESLIE C. SMITH**
**UNITED STATES MAGISTRATE JUDGE**